## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CENTRAL STATES JOINT BOARD HEALTH      )
WELFARE FUND; and CHEMICAL & PRODUCTION    )
WORKERS UNION, LOCAL 30, AFL-CIO,        )
                                   )   Case No. 1:17-CV-8569
          Plaintiffs,        )
     vs.                          )
                                   )
FRAN NAPLETON LINCOLN, INC. d/b/a NAPLETON  )
LINCOLN OF BLUE ISLAND d/b/a NAPLETON     )   Judge:
AUTO GROUP  d/b/a NAPLETON AUTO WERKS,    )
0561 d/b/a NAPLETON DEALERSHIP GROUP f/d/b/a  )
FRANK NAPLETON LINCOLN-MERCURY, INC., an  )
Illinois corporation; LOREN HYUNDAI, INC. d/b/a   )
NAPLETON DEALERSHIP GROUP d/b/a NAPLETON  )   Magistrate Judge:
AUTO GROUP  d/b/a NAPLETON AUTO WERKS,    )
0561, an Illinois corporation; NAPLETON'S       )
AUTOWERKS OF BOURBONNAIS, INC. d/b/a     )
NAPLETON LINCOLN OF BOURBONNAIS d/b/a    )
NAPLETON AUTO GROUP d/b/a NAPLETON      )
DEALERSHIP GROUP d/b/a NAPLETON AUTO     )
WERKS, 0561, f/d/b/a O'BRIEN             )
LINCOLN/MERCURY, LTD., f/d/b/a O'BRIEN     )
MAZDA; an Illinois corporation;  NAPLETON'S AUTO  )
WERKS, INC. d/b/a NAPLETON'S HONDA d/b/a    )
NAPLETON'S AUDI d/b/a NAPLETON'S        )
CONSULTING GROUP d/b/a NAPLETON       )
DEALERSHIP GROUP d/b/a NAPLETON AUTO     )
GROUP d/b/a NAPLETON AUTO WERKS, 0561 f/d/b/a  )
AUTO WERKS HONDA, an Illinois corporation;    )
NAPLETON AUTO WERKS OF INDIANA, INC. d/b/a  )
NAPLETON NISSAN d/b/a NAPLETON VOLVO d/b/a  )
NAPLETON MERCEDES d/b/a NAPLETON JAGUAR,  )
d/b/a NAPLETON DEALERSHIP GROUP d/b/a     )
NAPLETON AUTO GROUP d/b/a NAPLETON AUTO  )
WERKS, 0561 an Indiana corporation; NAPLETON'S  )
AUTO WERKS OF INDIANA, INC. d/b/a NAPLETON  )
FIAT d/b/a NAPLETON ALFA ROMEO-FIAT, d/b/a  )
NAPLETON DEALERSHIP GROUP d/b/a NAPLETON  )
AUTO GROUP  d/b/a NAPLETON AUTO WERKS,    )
0561, an Illinois corporation; NAPLETON MOTOR   )
CORP. d/b/a NAPLETON SUBARU d/b/a NAPLETON  )
CADILLAC d/b/a NAPLETON DEALERSHIP GROUP  )

d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON )
AUTO WERKS, 0561, f/d/b/a NAPLETON'S )
CADILLAC-SAAB f/d/b/a NAPLETON'S SUBARU )
f/d/b/a NAPLETON VOLVO OF ROCKFORD, an )
Illinois corporation; NAPLETON NATIONAL FLEET )
SALES & MANAGEMENT, LLC d/b/a NAPLETON )
DEALERSHIP GROUP d/b/a NAPLETON AUTO )
GROUP d/b/a NAPLETON AUTO WERKS, 0561, an )
Illinois limited liability corporation; NAPLETON'S )
PARK RIDGE LINCOLN, INC. d/b/a NAPLETON )
LINCOLN d/b/a NAPLETON DEALERSHIP GROUP )
d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON )
AUTO WERKS, 0561 f/d/b/a NAPLETON MITSUBISHI )
f/d/b/a NAPLETON CONSULTING GROUP f/k/a )
NAPLETON'S PARK RIDGE LINCOLN MERCURY, )
INC., an Illinois corporation; NAPLETON RIVER OAKS )
CADILLAC, INC. d/b/a NAPLETON DEALERSHIP )
GROUP d/b/a NAPLETON AUTO GROUP d/b/a )
NAPLETON AUTO WERKS, 0561, an Illinois )
corporation; NAPLETON RIVER OAKS LINCOLN, )
LLC d/b/a NAPLETON DEALERSHIP GROUP d/b/a )
NAPLETON AUTO GROUP d/b/a NAPLETON AUTO )
WERKS, 0561 f/k/a NAPLETON'S RIVER OAKS )
LINCOLN MERCURY, LLC, an Illinois limited liability )
corporation; SESSLER FORD, INC. d/b/a NAPLETON )
FORD LIBERTYVILLE d/b/a NAPLETON )
DEALERSHIP GROUP d/b/a NAPLETON AUTO )
GROUP d/b/a NAPLETON AUTO WERKS, 0561, an )
Illinois corporation; and STEVE FOLEY CADILLAC, )
INC. d/b/a BENTLEY NORTHBROOK, d/b/a STEVE )
FOLEY ROLLS ROYCE MOTOR CARS d/b/a ROLLS- )
ROYCE MOTOR CARS CHICAGO d/b/a NAPLETON )
DEALERSHIP GROUP d/b/a NAPLETON AUTO )
GROUP d/b/a NAPLETON AUTO WERKS, 0561 )
f/d/b/a SPYKER OF CHICAGO f/k/a STEVE FOLEY )
CADILLAC ILLINOIS, INC., an Illinois corporation. )
                                                  )
                    Defendants.                   )
                                                  )

## **COMPLAINT**

NOW COMES the Plaintiffs, the CENTRAL STATES JOINT BOARD HEALTH &

WELFARE FUND ("FUND") and the CHEMICAL & PRODUCTION WORKERS UNION,

LOCAL 30, AFL-CIO ( "UNION"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants FRAN NAPLETON LINCOLN, INC. d/b/a NAPLETON LINCOLN OF BLUE ISLAND, d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP  d/b/a NAPLETON AUTO WERKS, 0561 f/k/a FRAN NAPLETON LINCOLN-MERCURY, INC. ("FRAN NAPLETON LINCOLN"); LOREN HYUNDAI, INC. d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON AUTO WERKS, 0561 ("LOREN HYUNDAI"); NAPLETON'S AUTOWERKS OF BOURBONNAIS, INC. d/b/a NAPLETON LINCOLN OF BOURBONNAIS d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO WERKS, 0561, f/d/b/a O'BRIEN LINCOLN/MERCURY, LTD. f/d/b/a O'BRIEN MAZDA ("NAPLETON OF BOURBONNAIS"); NAPLETON'S AUTO WERKS, INC. d/b/a NAPLETON'S HONDA d/b/a NAPLETON'S AUDI d/b/a NAPLETON'S CONSULTING GROUP d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP  d/b/a NAPLETON AUTO WERKS, 0561 f/d/b/a AUTO WERKS HONDA ("NAPLETON'S AUTO WERKS"); NAPLETON AUTO WERKS OF INDIANA, INC. d/b/a NAPLETON NISSAN d/b/a NAPLETON VOLVO d/b/a NAPLETON MERCEDES d/b/a NAPLETON JAGUAR, d/b/a NAPLETON DEALERSHIP GROUP  d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON AUTO WERKS, 0561 ("NAPLETON AUTO WERKS INDIANA"); NAPLETON'S AUTO WERKS OF INDIANA, INC. d/b/a NAPLETON FIAT d/b/a NAPLETON ALFA ROMEO-FIAT d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON AUTO WERKS, 0561 ("NAPLETON ALFA ROMEO-FIAT"); NAPLETON MOTOR CORP. d/b/a NAPLETON SUBARU d/b/a NAPLETON CADILLAC d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP  d/b/a NAPLETON AUTO WERKS, 0561 f/d/b/a NAPLETON'S

CADILLAC-SAAB f/d/b/a NAPLETON'S SUBARU f/d/b/a NAPLETON VOLVO OF ROCKFORD ("NAPLETON MOTOR CORP."); NAPLETON NATIONAL FLEET SALES & MANAGEMENT, LLC d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON AUTO WERKS, 0561 ("NAPLETON NATIONAL FLEET SALES & MANAGEMENT"); NAPLETON'S PARK RIDGE LINCOLN, INC. d/b/a NAPLETON LINCOLN, d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON AUTO WERKS, 0561 f/d/b/a NAPLETON MITSUBISHI f/d/b/a NAPLETON CONSULTING GROUP f/k/a NAPLETON'S PARK RIDGE LINCOLN MERCURY, INC. ("NAPLETON'S PARK RIDGE"); NAPLETON RIVER OAKS CADILLAC, INC. d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON AUTO WERKS, 0561 ("NAPLETON RIVER OAKS CADILLAC"); NAPLETON RIVER OAKS LINCOLN, LLC d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON AUTO WERKS, 0561 f/k/a NAPLETON'S RIVER OAKS LINCOLN MERCURY, LLC ("NAPLETON RIVER OAKS LINCOLN"); SESSLER FORD, INC. d/b/a NAPLETON FORD LIBERTYVILLE d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON AUTO WERKS, 0561 ("NAPLETON FORD LIBERTYVILLE"); STEVE FOLEY CADILLAC, INC. d/b/a BENTLEY NORTHBROOK d/b/a STEVE FOLEY ROLLS ROYCE MOTOR CARS, D/B/A ROLLS-ROYCE MOTOR CARS CHICAGO d/b/a NAPLETON DEALERSHIP GROUP d/b/a NAPLETON AUTO GROUP d/b/a NAPLETON AUTO WERKS, 0561 f/d/b/a SPYKER OF CHICAGO f/k/a STEVE FOLEY CADILLAC ILLINOIS, INC. ("STEVE FOLEY CADILLAC"), and allege as follows:

## JURISDICTION AND VENUE

1.    This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 186, 1132(e)(1) and 1145, and 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the FUND is administered at 245 Fencl Lane, Hillside, Illinois, 60162, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3.    The FUND receives contributions from numerous employers pursuant to a Collective Bargaining Agreement between the UNION and My Benefits Group, Inc. and, therefore, is a multiemployer plan under 29 U.S.C. § 1002.

4.    The FUND is administered pursuant to the terms and provisions of its Agreement and Declaration of Trust (the "Trust Agreement"). (A copy of the FUND's Trust Agreement is attached hereto as **Exhibit 1**).

5.    The UNION is an unincorporated voluntary association with its principal place of business located at 245 Fencl Lane, Hillside, Illinois, 60162. The UNION is a labor organization as defined under Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185).

6.    The UNION is the bargaining representative of all bargaining-unit employees of the Defendants who all did business as the NAPLETON DEALERSHIP GROUP.

7.    FRAN NAPLETON LINCOLN is an Illinois corporation with its principal place of business in Blue Island, Illinois.

8.   LOREN HYUNDAI is an Illinois corporation with its principal place of business in Glenview, Illinois.

9.   NAPLETON OF BOURBONNAIS is an Illinois corporation with its principal place of business in Rosemont, Illinois.

10.  NAPLETON AUTO WERKS, is an Illinois corporation with its principal place of business in Park Ridge, Illinois.

11.  NAPLETON AUTO WERKS INDIANA is an Indiana corporation with its principal place of business in Schererville, Indiana.

12.  NAPLETON ALFA ROMEO-FIAT is an Illinois corporation with its principal place of business in Blue Island, Illinois.

13.  NAPLETON MOTOR CORP. is an Illinois corporation with its principal place of business in Chicago, Illinois.

14.  NAPLETON NATIONAL FLEET SALES & MANAGEMENT is an Illinois limited liability corporation with its principal place of business in Rosemont, Illinois.

15.  NAPLETON'S PARK RIDGE is an Illinois corporation with its principal place of business in Rosemont, Illinois.

16.  NAPLETON RIVER OAKS CADILLAC is an Illinois corporation with its principal place of business in Hinsdale, Illinois

17.  NAPLETON RIVER OAKS LINCOLN is an Illinois limited liability corporation with its principal place of business in Calumet City, Illinois.

18.  NAPLETON FORD LIBERTYVILLE is an Illinois corporation with its principal place of business in Libertyville, Illinois.

19. STEVE FOLEY CADILLAC is an Illinois corporation with its principal place of business in Northbrook, Illinois.

**FACTS COMMON TO ALL COUNTS**

20. Each of the Defendants named in this matter do business as and represent themselves out as the NAPLETON DEALERSHIP GROUP.

21. All of the Defendants who do business as the NAPLETON DEALERSHIP GROUP share the same website under the name the "Napleton Auto Group" at http://www.shopnapleton.com/.

22. Pursuant to the NAPLETON DEALERSHIP GROUP's website located at http://www.shopnapleton.com/about-us/, "there are more than 60 Napleton Auto Group dealerships in four states, providing thousands of customers with unmatched service and an affordable price."

23. The President of Defendants LOREN HYUNDAI, NAPLETON'S PARK RIDGE, NAPLETON FORD LIBERTYVILLE, STEVE FOLEY CADILLAC, NAPLETON AUTO WERKS, NAPLETON MOTOR CORP and Co-Manager for NAPLETON RIVER OAKS LINCOLN is William Napleton.

24. The President of Defendants NAPLETON AUTO WERKS INDIANA; FRAN NAPLETON LINCOLN; NAPLETON RIVER OAKS CADILLAC; NAPLETON ALFA ROMEO-FIAT and Co-Manager for NAPLETON RIVER OAKS LINCOLN is Paul Napleton.

25. Many of the employees who work for the Defendants doing business as NAPLETON DEALERSHIP GROUP are listed on a shared website which is located at http://www.shopnapleton.com/meet-our-staff/.

26.     The Defendants doing business as the NAPLETON DEALERSHIP GROUP share a common administrative staff.

27.     Michael Jopes is the CFO of the NAPLETON DEALERSHIP GROUP and is responsible for "all financial, banking, insurance and IT aspects of a 24 franchise dealership chain" as well as human resources and dealership operation of the Defendants in the NAPLETON DEALERSHIP GROUP.  (LinkedIn Page of Michael Jopes is attached as **Exhibit 2**).

28.     On March 8, 2012, April 1, 2013, and April 1, 2014, the NAPLETON DEALERSHIP GROUP entered into three (3) separate Recognition Agreements with the UNION on behalf of the Defendants doing business as the NAPLETON DEALERSHIP GROUP. (March 8, 2012 Recognition Agreement is attached as **Exhibit 3**); (April 1, 2013 Recognition Agreement is attached as **Exhibit 4**); (April 1, 2014 Recognition Agreement is attached as **Exhibit 5**).

29.     The UNION assigned the NAPLETON DEALERSHIP GROUP an employer number – 0561 – in order to keep it separate and distinct from other "Napleton" entities.

30.     The Recognition Agreements provide that the Defendants doing business as the NAPLETON DEALERSHIP GROUP agree to be bound by the Collective Bargaining Agreement ("CBA") entered into between My Benefits Group, Inc. and the UNION.

31.     Specifically, through the Recognition Agreements, the Defendants doing business as the NAPLETON DEALERSHIP GROUP became bound to the 2010 through 2012 CBA, and the 2012 through 2015 CBA. (A copy of the 2010-2012 CBA is attached hereto as **Exhibit 6**); (A copy of the 2012-2015 CBA is attached hereto as **Exhibit 7**.)

32.     On April 1, 2013 and again on April 1, 2014, the NAPLETON DEALERSHIP GROUP also entered into Participation Agreements with the WELFARE FUND. (Participation

Agreements are attached as **Exhibit 8**).

33.     The Participation Agreements require that all of the Defendants doing business as the NAPLETON DEALERSHIP GROUP pay contributions to the FUND for all of their other employees that are not covered by the 2010-2012 CBA and/or the 2012-2015 CBA.

34.     Through the Recognition Agreements, Participation Agreements, the 2010-2012 CBA and the 2012-2015 CBA, the Defendants doing business as the NAPLETON DEALERSHIP GROUP became bound by the provisions of the WELFARE FUND's Trust agreement.

35.     Pursuant to provisions of the 2010-2012 CBA, the 2012-2015 CBA and Trust Agreement, the Defendants doing business as the NAPLETON DEALERSHIP GROUP were required to make monthly reports of hours worked by all of their employees and remit contributions on behalf of these employees to the WELFARE FUND.

36.     Through the 2010-2012 CBA and the 2012-2015 CBA, the Defendants doing business as the NAPLETON DEALERSHIP GROUP were required to deduct union dues and initiation fees from their covered employees' wages as payment to the UNION.

37.     The monthly reports, contributions, union dues and initiation fees required to be paid during all times relevant were due on or before the 10th day of the calendar month following the calendar month during which the work was performed.

38.     Pursuant to Section 502(g)(2) of ERISA, the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, and the Trust Agreement, employers who fail to remit their monthly contribution reports and contributions to the FUND on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount of unpaid contributions, plus any reasonable attorney's fees and costs of maintaining suit.

39. Pursuant to the 2010-2012 CBA and the 2012-2015 CBA, employers who fail to remit payment of union dues and initiation fees to the UNION on a timely basis are responsible for the payment of liquidated damages equal to one and one-half percent (1.5%) of the amount of unpaid union dues and initiation fees for each month that the union dues and initiation fees remain outstanding.

40. Pursuant to the 2010-2012 CBA and the 2012-2015 CBA, the UNION is entitled to attorneys' fees and costs incurred in collecting any unpaid union dues and initiation fees.

41. Between the period of April 1, 2012 through March 31, 2015, each of the Defendants doing business as the NAPLETON DEALERSHIP GROUP submitted contribution payments to the FUND on behalf of only some of their covered employees.

42. However, the Defendants doing business as the NAPLETON DEALERSHIP GROUP have not submitted contribution reports and associated payments for all of their covered employees and, therefore, have breached the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements.

43. On May 1, 2017, Plaintiffs sent a letter to the NAPLETON DEALERSHIP GROUP demanding that each of the Defendants doing business as the NAPLETON DEALERSHIP GROUP schedule a payroll compliance audit with the Plaintiffs' auditor.

44. To date, each of the Defendants doing business as the NAPLETON DEALERSHIP GROUP have refused to comply with Plaintiffs' requests or provide the necessary records to Plaintiffs' payroll compliance auditor.

45. Pursuant to Article 3, Section 5 of the Trust Agreement,

> Each Employer shall promptly furnish to the Trustees, upon reasonable demand, the names and current addresses of its employees, their Social Security numbers, the hours worked by each Employee and past industry employment history in its files and such other information as the Trustees

may reasonably require in connection with the administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust. (**Exhibit 1**)

46.     In addition, Article XVII of the 2010-2012 CBA and the 2012-2015 CBA provides that "[t]he Union shall have the right to examine the payroll records of the Employer to determine that there has been compliance with the terms contained in the Bargaining Agreement which are concerned with the remittance or payment of Union dues, initiation fees and assessments." (**Exhibit 6**; **Exhibit 7**).

**COUNT I**
**BREACH OF CBA – DEFENDANTS DOING BUSINESS AS**
**THE NAPLETON DEALERSHIP GROUP**

47.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-46 of this Complaint with the same force and effect as if fully set forth herein.

48.     All of the Defendants, which were doing business as the NAPLETON DEALERSHIP GROUP, paid contributions to the FUND on behalf of some but not all of their employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

49.     Between the period of April 1, 2012 and March 31, 2015, all of the Defendants, which were doing business as the NAPLETON DEALERSHIP GROUP, deducted union dues and initiation fees from the wages of some but not all of their employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

50.     Therefore, all of the Defendants, which were doing business as the NAPLETON DEALERSHIP GROUP, are required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and

March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

51.     A payroll audit for the period of April 1, 2012 through March 31, 2015 is necessary to determine the exact amount of damages owed by the Defendants doing business as the NAPLETON DEALERSHIP GROUP on behalf of all of their employees covered by the 2010-2012 CBA, the 2012-2015 CBA and Participation Agreements.

52.     Plaintiffs are entitled a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

53.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from the Defendants doing business as the NAPLETON DEALERSHIP GROUP.

54.     Plaintiffs have complied with all conditions precedent in bringing this suit.

55.     The Defendants doing business as the NAPLETON DEALERSHIP GROUP are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court Order each of the Defendants provide all of the documents and other corporate records necessary to complete a payroll compliance audit for the period of April 1, 2012 through March 31, 2015 to the Plaintiffs' payroll compliance auditor;

B. Judgment be entered in favor the Plaintiffs and against all of the Defendants for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

C. The Defendants be ordered pay the reasonable attorney's fees and costs incurred by the

Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

D.  The Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CBA – FRAN NAPLETON LINCOLN

56.  Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-55 of this Complaint with the same force and effect as if fully set forth herein.

57.  Between the period of April 1, 2012 and March 31, 2015, FRAN NAPLETON LINCOLN paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

58.  Between the period of April 1, 2012 and March 31, 2015, FRAN NAPLETON LINCOLN deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

59.  Based on its conduct, FRAN NAPLETON LINCOLN is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

60.  Therefore, FRAN NAPLETON LINCOLN is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

61.  A payroll compliance audit is required in order to determine the full extent of contributions owed by FRAN NAPLETON LINCOLN.

62.  Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees,

liquidated damages, interest and audit fees revealed by the payroll compliance audit.

63. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from FRAN NAPLETON LINCOLN.

64. Plaintiffs have complied with all conditions precedent in bringing this suit.

65. FRAN NAPLETON LINCOLN is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court enter an Order holding that FRAN NAPLETON LINCOLN is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B. An Order requiring FRAN NAPLETON LINCOLN to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of FRAN NAPLETON LINCOLN's books and records;

C. Judgment be entered in favor the Plaintiffs and against FRAN NAPLETON LINCOLN, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D. FRAN NAPLETON LINCOLN be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable

all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT III
## BREACH OF CBA – LOREN HYUNDAI

66.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-65 of this Complaint with the same force and effect as if fully set forth herein.

67.     Between the period of April 1, 2012 and March 31, 2015, LOREN HYUNDAI paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

68.     Between the period of April 1, 2012 and March 31, 2015, LOREN HYUNDAI deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

69.     Based on its conduct, LOREN HYUNDAI is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

70.     Therefore, LOREN HYUNDAI is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

71.     A payroll compliance audit is required in order to determine the full extent of contributions owed by LOREN HYUNDAI.

72.     Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

73.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from LOREN HYUNDAI.

74.     Plaintiffs have complied with all conditions precedent in bringing this suit.

75.     LOREN HYUNDAI is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A.   This Court enter an Order holding that LOREN HYUNDAI is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B.   An Order requiring LOREN HYUNDAI to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of LOREN HYUNDAI's books and records;

C.   Judgment be entered in favor the Plaintiffs and against LOREN HYUNDAI, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D.   LOREN HYUNDAI be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E.   That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT IV**
**BREACH OF CBA – NAPLETON OF BOURBONNAIS**

76.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-75 of this Complaint with the same force and effect as if fully set forth herein.

77. Between the period of April 1, 2012 and March 31, 2015, NAPLETON OF BOURBONNAIS paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

78. Between the period of April 1, 2012 and March 31, 2015, NAPLETON OF BOURBONNAIS deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

79. Based on its conduct, NAPLETON OF BOURBONNAIS is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

80. Therefore, NAPLETON OF BOURBONNAIS is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

81. A payroll compliance audit is required in order to determine the full extent of contributions owed by NAPLETON OF BOURBONNAIS.

82. Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

83. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NAPLETON OF BOURBONNAIS.

84. Plaintiffs have complied with all conditions precedent in bringing this suit.

85. NAPLETON OF BOURBONNAIS is obligated to pay the reasonable attorney's fees and

court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court enter an Order holding that NAPLETON OF BOURBONNAIS is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B. An Order requiring NAPLETON OF BOURBONNAIS to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of NAPLETON OF BOURBONNAIS's books and records;

C. Judgment be entered in favor the Plaintiffs and against NAPLETON OF BOURBONNAIS, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D. NAPLETON OF BOURBONNAIS be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT V
## BREACH OF CBA – NAPLETON AUTO WERKS

86. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-85 of this Complaint with the same force and effect as if fully set forth herein.

87.     Between the period of April 1, 2012 and March 31, 2015, NAPLETON AUTO WERKS paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

88.     Between the period of April 1, 2012 and March 31, 2015, NAPLETON AUTO WERKS deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

89.     Based on its conduct, NAPLETON AUTO WERKS is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

90.     Therefore, NAPLETON AUTO WERKS is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

91.     A payroll compliance audit is required in order to determine the full extent of contributions owed by NAPLETON AUTO WERKS.

92.     Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

93.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NAPLETON AUTO WERKS.

94.     Plaintiffs have complied with all conditions precedent in bringing this suit.

95.     NAPLETON AUTO WERKS is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. §

1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A.  This Court enter an Order holding that NAPLETON AUTO WERKS is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B.  An Order requiring NAPLETON AUTO WERKS to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of NAPLETON AUTO WERKS books and records;

C.  Judgment be entered in favor the Plaintiffs and against NAPLETON AUTO WERKS, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D.  NAPLETON AUTO WERKS be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E.  That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT VI
## BREACH OF CBA – NAPLETON AUTO WERKS INDIANA

96.  Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-95 of this Complaint with the same force and effect as if fully set forth herein.

97.  Between the period of April 1, 2012 and March 31, 2015, NAPLETON AUTO WERKS INDIANA paid contributions to the FUND on behalf of some but not all of its employees

pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

98.     Between the period of April 1, 2012 and March 31, 2015, NAPLETON AUTO WERKS INDIANA deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

99.     Based on its conduct, NAPLETON AUTO WERKS INDIANA is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

100.    Therefore, NAPLETON AUTO WERKS INDIANA is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

101.    A payroll compliance audit is required in order to determine the full extent of contributions owed by NAPLETON AUTO WERKS INDIANA.

102.    Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

103.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NAPLETON AUTO WERKS INDIANA.

104.    Plaintiffs have complied with all conditions precedent in bringing this suit.

105.    NAPLETON AUTO WERKS INDIANA is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court enter an Order holding that NAPLETON AUTO WERKS INDIANA is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B. An Order requiring NAPLETON AUTO WERKS INDIANA to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of NAPLETON AUTO WERKS INDIANA's books and records;

C. Judgment be entered in favor the Plaintiffs and against NAPLETON AUTO WERKS INDIANA, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D. NAPLETON AUTO WERKS INDIANA be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT VII
## <u>BREACH OF CBA – NAPLETON ALFA ROMEO-FIAT</u>

106. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-105 of this Complaint with the same force and effect as if fully set forth herein.

107. Between the period of April 1, 2012 and March 31, 2015, NAPLETON ALFA ROMEO-FIAT paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

108.    Between the period of April 1, 2012 and March 31, 2015, NAPLETON ALFA ROMEO-FIAT deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

109.    Based on its conduct, NAPLETON ALFA ROMEO-FIAT is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

110.    Therefore, NAPLETON ALFA ROMEO-FIAT is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

111.    A payroll compliance audit is required in order to determine the full extent of contributions owed by NAPLETON ALFA ROMEO-FIAT.

112.    Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

113.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NAPLETON ALFA ROMEO-FIAT.

114.    Plaintiffs have complied with all conditions precedent in bringing this suit.

115.    NAPLETON ALFA ROMEO-FIAT is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A.  This Court enter an Order holding that NAPLETON ALFA ROMEO-FIAT is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B.  An Order requiring NAPLETON ALFA ROMEO-FIAT to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of NAPLETON ALFA ROMEO-FIAT's books and records;

C.  Judgment be entered in favor the Plaintiffs and against NAPLETON ALFA ROMEO-FIAT, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D.  NAPLETON ALFA ROMEO-FIAT be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E.  That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT VIII
## BREACH OF CBA – NAPLETON MOTOR CORP.

116.  Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-115 of this Complaint with the same force and effect as if fully set forth herein.

117.  Between the period of April 1, 2012 and March 31, 2015, NAPLETON MOTOR CORP. paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

118.  Between the period of April 1, 2012 and March 31, 2015, NAPLETON MOTOR CORP. deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

119.  Based on its conduct, NAPLETON MOTOR CORP. is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

120.  Therefore, NAPLETON MOTOR CORP. is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

121.  A payroll compliance audit is required in order to determine the full extent of contributions owed by NAPLETON MOTOR CORP.

122.  Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

123.  Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NAPLETON MOTOR CORP.

124.  Plaintiffs have complied with all conditions precedent in bringing this suit.

125.  NAPLETON MOTOR CORP. is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court enter an Order holding that NAPLETON MOTOR CORP. is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B. An Order requiring NAPLETON MOTOR CORP. to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of NAPLETON MOTOR CORP.'s books and records;

C. Judgment be entered in favor the Plaintiffs and against NAPLETON MOTOR CORP., for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D. NAPLETON MOTOR CORP. be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT IX**
**BREACH OF CBA – NAPLETON NATIONAL FLEET SALES & MANAGEMENT**

126. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-125 of this Complaint with the same force and effect as if fully set forth herein.

127. Between the period of April 1, 2012 and March 31, 2015, NAPLETON NATIONAL FLEET SALES & MANAGEMENT paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

128.  Between the period of April 1, 2012 and March 31, 2015, NAPLETON NATIONAL FLEET SALES & MANAGEMENT deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

129.  Based on its conduct, NAPLETON NATIONAL FLEET SALES & MANAGEMENT is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

130.  Therefore, NAPLETON NATIONAL FLEET SALES & MANAGEMENT is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

131.  A payroll compliance audit is required in order to determine the full extent of contributions owed by NAPLETON NATIONAL FLEET SALES & MANAGEMENT.

132.  Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

133.  Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NAPLETON NATIONAL FLEET SALES & MANAGEMENT

134.  Plaintiffs have complied with all conditions precedent in bringing this suit.

135.  NAPLETON NATIONAL FLEET SALES & MANAGEMENT is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court enter an Order holding that NAPLETON NATIONAL FLEET SALES & MANAGEMENT is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B. An Order requiring NAPLETON NATIONAL FLEET SALES & MANAGEMENT to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of NAPLETON NATIONAL FLEET SALES & MANAGEMENT's books and records;

C. Judgment be entered in favor the Plaintiffs and against NAPLETON NATIONAL FLEET SALES & MANAGEMENT, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D. That NAPLETON NATIONAL FLEET SALES & MANAGEMENT be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT X**
**BREACH OF CBA – NAPLETON'S PARK RIDGE**

136. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-135 of this Complaint with the same force and effect as if fully set forth herein.

137. Between the period of April 1, 2012 and March 31, 2015, NAPLETON'S PARK RIDGE paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

138. Between the period of April 1, 2012 and March 31, 2015, NAPLETON'S PARK RIDGE deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

139. Based on its conduct, NAPLETON'S PARK RIDGE is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

140. Therefore, NAPLETON'S PARK RIDGE is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

141. A payroll compliance audit is required in order to determine the full extent of contributions owed by NAPLETON PARK RIDGE.

142. Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

143. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NAPLETON PARK RIDGE.

144. Plaintiffs have complied with all conditions precedent in bringing this suit.

145. NAPLETON PARK RIDGE is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. §

1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court enter an Order holding that NAPLETON PARK RIDGE is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B. An Order requiring NAPLETON PARK RIDGE to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of NAPLETON PARK RIDGE's books and records;

C. Judgment be entered in favor the Plaintiffs and against NAPLETON PARK RIDGE, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D. NAPLETON PARK RIDGE be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT XI**
**BREACH OF CBA – NAPLETON RIVER OAKS CADILLAC**

146. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-145 of this Complaint with the same force and effect as if fully set forth herein.

147. Between the period of April 1, 2012 and March 31, 2015, NAPLETON RIVER OAKS CADILLAC paid contributions to the FUND on behalf of some but not all of its employees

pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

148. Between the period of April 1, 2012 and March 31, 2015, NAPLETON RIVER OAKS CADILLAC deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

149. Based on its conduct, NAPLETON RIVER OAKS CADILLAC is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

150. Therefore, NAPLETON RIVER OAKS CADILLAC is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

151. A payroll compliance audit is required in order to determine the full extent of contributions owed by NAPLETON RIVER OAKS CADILLAC.

152. Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

153. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NAPLETON RIVER OAKS CADILLAC.

154. Plaintiffs have complied with all conditions precedent in bringing this suit.

155. NAPLETON RIVER OAKS CADILLAC is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court enter an Order holding that NAPLETON RIVER OAKS CADILLAC is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B. An Order requiring NAPLETON RIVER OAKS CADILLAC to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of NAPLETON RIVER OAKS CADILLAC's books and records;

C. Judgment be entered in favor the Plaintiffs and against NAPLETON RIVER OAKS CADILLAC, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D. NAPLETON RIVER OAKS CADILLAC be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT XII
## BREACH OF CBA – NAPLETON RIVER OAKS LINCOLN

156. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-155 of this Complaint with the same force and effect as if fully set forth herein.

157. Between the period of April 1, 2012 and March 31, 2015, NAPLETON RIVER OAKS LINCOLN paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

158. Between the period of April 1, 2012 and March 31, 2015, NAPLETON RIVER OAKS LINCOLN deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

159. Based on its conduct, NAPLETON RIVER OAKS LINCOLN is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

160. Therefore, NAPLETON RIVER OAKS LINCOLN is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

161. A payroll compliance audit is required in order to determine the full extent of contributions owed by NAPLETON RIVER OAKS LINCOLN.

162. Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

163. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NAPLETON RIVER OAKS LINCOLN.

164. Plaintiffs have complied with all conditions precedent in bringing this suit.

165. NAPLETON RIVER OAKS LINCOLN is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court enter an Order holding that NAPLETON RIVER OAKS LINCOLN is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B. An Order requiring NAPLETON RIVER OAKS LINCOLN to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of NAPLETON RIVER OAKS LINCOLN's books and records;

C. Judgment be entered in favor the Plaintiffs and against NAPLETON RIVER OAKS LINCOLN, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D. NAPLETON RIVER OAKS LINCOLN be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT XIII
### BREACH OF CBA – NAPLETON FORD LIBERTYVILLE

166. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-165 of this Complaint with the same force and effect as if fully set forth herein.

167. Between the period of April 1, 2012 and March 31, 2015, NAPLETON FORD LIBERTYVILLE paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

168. Between the period of April 1, 2012 and March 31, 2015, NAPLETON FORD LIBERTYVILLE deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

169. Based on its conduct, NAPLETON FORD LIBERTYVILLE is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

170. Therefore, NAPLETON FORD LIBERTYVILLE is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

171. A payroll compliance audit is required in order to determine the full extent of contributions owed by NAPLETON FORD LIBERTYVILLE.

172. Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

173. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from NAPLETON FORD LIBERTYVILLE.

174. Plaintiffs have complied with all conditions precedent in bringing this suit.

175. NAPLETON FORD LIBERTYVILLE is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court enter an Order holding that NAPLETON FORD LIBERTYVILLE is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B. An Order requiring NAPLETON FORD LIBERTYVILLE to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of NAPLETON FORD LIBERTYVILLE's books and records;

C. Judgment be entered in favor the Plaintiffs and against NAPLETON FORD LIBERTYVILLE, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D. NAPLETON FORD LIBERTYVILLE be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT XIV
## BREACH OF CBA – STEVE FOLEY CADILLAC

176. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-175 of this Complaint with the same force and effect as if fully set forth herein.

177. Between the period of April 1, 2012 and March 31, 2015, STEVE FOLEY CADILLAC paid contributions to the FUND on behalf of some but not all of its employees pursuant to the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

178. Between the period of April 1, 2012 and March 31, 2015, STEVE FOLEY CADILLAC deducted union dues and initiation fees from the wages of some but not all of its employees to the UNION pursuant to the 2010-2012 CBA and the 2012-2015 CBA.

179. Based on its conduct, STEVE FOLEY CADILLAC is bound by the provisions contained in the 2010-2012 CBA, the 2012-2015 CBA, Participation Agreements and Trust Agreement.

180. Therefore, STEVE FOLEY CADILLAC is required to pay contributions on behalf of its covered employees in addition to those it contributed on between the period of April 1, 2012 and March 31, 2015, and to pay union dues and initiation fees it should have deducted from its employees' wages.

181. A payroll compliance audit is required in order to determine the full extent of contributions owed by STEVE FOLEY CADILLAC.

182. Plaintiffs are entitled to a judgment for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit.

183. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from STEVE FOLEY CADILLAC.

184. Plaintiffs have complied with all conditions precedent in bringing this suit.

185. STEVE FOLEY CADILLAC is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request that:

A. This Court enter an Order holding that STEVE FOLEY CADILLAC is bound to the 2010-2012 CBA, the 2012-2015 CBA and the Participation Agreements due to its conduct and, as a result, has an obligation to contribute on all of its employees for the period of April 1, 2012 through March 31, 2015;

B. An Order requiring STEVE FOLEY CADILLAC to turn over all records necessary to the Plaintiffs' auditor in order to complete a payroll compliance audit of STEVE FOLEY CADILLAC's books and records;

C. Judgment be entered in favor the Plaintiffs and against STEVE FOLEY CADILLAC, for all contributions, union dues, initiation fees, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

D. STEVE FOLEY CADILLAC be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2010-2012 CBA, the 2012-2015 CBA, the Participation Agreements, Trust Agreement and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

**CENTRAL STATES JOINT BOARD
HEALTH & WELFARE FUND,** *et al.*

/s/ Matthew D. Grabell - 6312929
One of Plaintiffs' Attorneys

Matthew D. Grabell
**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5469
grabell@johnsonkrol.com