# EXHIBIT 1

AGREEMENT AND DECLARATION OF TRUST
CENTRAL STATES JOINT BOARD
HEALTH & WELFARE FUND

Dated July 1, 1955 and amended on
January 2, 1959, July 1, 1971, September 1, 1974,
May 30, 1976 and September 23, 1981

# TABLE OF CONTENTS

PAGE

ARTICLE 1
    Definition of Terms. . . . . . . . . . . . . . . . 2
        SECTION 1.   Employer. . . . . . . . . . . . . . . 2
        SECTION 2.   Union . . . . . . . . . . . . . . . . 2
        SECTION 3.   Employees . . . . . . . . . . . . . 2
        SECTION 4.   Board of Trustees . . . . . . . . . 2
        SECTION 5.   Trust Fund. . . . . . . . . . . . . 2
        SECTION 6.   Employer Contribution . . . . . . . 2
        SECTION 7.   Trust Agreement . . . . . . . . . . 2

ARTICLE 2
    Creation of Trust Fund and Appointment of Trustees . 2
        SECTION 1.   Designation . . . . . . . . . . . . 2
        SECTION 2.   Board of Trustees . . . . . . . . . 3
        SECTION 3.   Manner of Acting in Event
                  of Deadlock . . . . . . . . . . . . 3
        SECTION 4.   Vacancies in Office of Trustees . . 3
        SECTION 5.   Removal of Trustees . . . . . . . . 3
        SECTION 6.   Limitation of Liability of Trustees 4
        SECTION 7.   Office of the Fund. . . . . . . . . 4
        SECTION 8.   No One Is Agent Without
                  Written Authority . . . . . . . . . 4

ARTICLE 3
    Contributions and Collections. . . . . . . . . . . 4
        SECTION 1.   Amount of Contributions . . . . . . 4
        SECTION 2.   Time of Payment . . . . . . . . . . 4
        SECTION 3.   Receipt of Payment and
                  Other Property of Trust . . . . . . 4
        SECTION 4.   Collection Actions. . . . . . . . . 5
        SECTION 5.   Production of Records . . . . . . . 6
        SECTION 6.   Guarantee Deposits. . . . . . . . . 6

ARTICLE 4
    Powers and Duties of Trustees. . . . . . . . . . . 6
        SECTION 1 . . . . . . . . . . . . . . . . . . . . 6
        SECTION 2 . . . . . . . . . . . . . . . . . . . . 7
        SECTION 3 . . . . . . . . . . . . . . . . . . . . 7
        SECTION 4 . . . . . . . . . . . . . . . . . . . . 8
        SECTION 5 . . . . . . . . . . . . . . . . . . . . 8
        SECTION 6 . . . . . . . . . . . . . . . . . . . . 8
        SECTION 7 . . . . . . . . . . . . . . . . . . . . 8
        SECTION 8 . . . . . . . . . . . . . . . . . . . . 8

- i -

TABLE OF CONTENTS
(Continued)

PAGE

SECTION 9 . . . . . . . . . . . . . . . . . . . . . 8
SECTION 10. . . . . . . . . . . . . . . . . . . . . 9
SECTION 11. . . . . . . . . . . . . . . . . . . . . 9
SECTION 12. . . . . . . . . . . . . . . . . . . . . 9
SECTION 13. . . . . . . . . . . . . . . . . . . . . 9
SECTION 14. . . . . . . . . . . . . . . . . . . . . 10
SECTION 15. . . . . . . . . . . . . . . . . . . . . 10
SECTION 16. . . . . . . . . . . . . . . . . . . . . 11
SECTION 17. . . . . . . . . . . . . . . . . . . . . 11
SECTION 18. . . . . . . . . . . . . . . . . . . . . 11
SECTION 19. . . . . . . . . . . . . . . . . . . . . 11
SECTION 20. . . . . . . . . . . . . . . . . . . . . 11
SECTION 21. . . . . . . . . . . . . . . . . . . . . 11


ARTICLE 5
Controversies and Disputes . . . . . . . . . . . . . 12
SECTION 1 . . . . . . . . . . . . . . . . . . . . . 12
SECTION 2 . . . . . . . . . . . . . . . . . . . . . 12
SECTION 3 . . . . . . . . . . . . . . . . . . . . . 12


ARTICLE 6
Operation of Board of Trustees . . . . . . . . . . . 12
SECTION 1.  Officers. . . . . . . . . . . . . . 12
SECTION 2.  Quorum. . . . . . . . . . . . . . . 13
SECTION 3.  Power to Act in Case of Vacancy . . 13
SECTION 4.  Expenses. . . . . . . . . . . . . . 13
SECTION 5.  Meetings. . . . . . . . . . . . . . 13
SECTION 6 . . . . . . . . . . . . . . . . . . . 13
SECTION 7 . . . . . . . . . . . . . . . . . . . 13


ARTICLE 7
Establishment of Health & Welfare Plan . . . . . . . 13
SECTION 1.  Formulation of Plan . . . . . . . . 13
SECTION 2 . . . . . . . . . . . . . . . . . . . 14
SECTION 3.  Amendment of Plan . . . . . . . . . 14


ARTICLE 8
Spendthrift Clause . . . . . . . . . . . . . . . . . 14
SECTION 1.  No Assignment or Attachment
            of Benefits . . . . . . . . . . . . 14

- ii -

TABLE OF CONTENTS
(Continued)

PAGE

ARTICLE 9
    Payments to Persons Under Legal Disability . . . . .  15
        SECTION 1 . . . . . . . . . . . . . . . . . .  15

ARTICLE 10
    Amendments of Agreement and Declaration of Trust . .  15

ARTICLE 11
    Termination of Trust Agreement . . . . . . . . . .  16
        SECTION 1 . . . . . . . . . . . . . . . . . .  16
        SECTION 2 . . . . . . . . . . . . . . . . . .  16

ARTICLE 12
    Miscellaneous. . . . . . . . . . . . . . . . .  16
        SECTION 1 . . . . . . . . . . . . . . . . . .  16
        SECTION 2 . . . . . . . . . . . . . . . . . .  17
        SECTION 3 . . . . . . . . . . . . . . . . . .  17
        SECTION 4 . . . . . . . . . . . . . . . . . .  17
        SECTION 5 . . . . . . . . . . . . . . . . . .  17
        SECTION 6 . . . . . . . . . . . . . . . . . .  17

ARTICLE 13
    Beneficial Rights. . . . . . . . . . . . . . . . .  18

ARTICLE 14
    Savings Clause . . . . . . . . . . . . . . . . . .  18

ARTICLE 15
    Agreement of Employers . . . . . . . . . . . . . .  18

ARTICLE 16
    Effective Date . . . . . . . . . . . . . . . . . .  19



PL395

AGREEMENT AND DECLARATION OF TRUST
CENTRAL STATES JOINT BOARD
HEALTH & WELFARE FUND
Dated July 1, 1955 and amended on
January 2, 1959, July 1, 1971, September 1, 1974,
May 30, 1976 and September 23, 1981


The undersigned duly appointed, qualified, and acting Trustees of the Central States Joint Board Health & Welfare Fund, existing under and by virtue of an Agreement and Declaration of Trust entered into as of July 1, 1955, and amended thereafter, by and between the Central States Joint Board, AFL-CIO, and its affiliated locals (hereinafter referred to as "Union"), and the contributing, contractual Employers (hereinafter referred to as "Employers") and additional Employers who may hereafter become parties to this Agreement or a similar Agreement and Declaration of Trust.


WITNESSETH:


WHEREAS, the Union and the Employers have entered into a Collective Bargaining Agreement under which the Employers have agreed to make periodic payments to a fund for the purpose of providing, in accordance with the Health & Welfare Trust Fund, medical, surgical, dental, death and related benefits for their eligible Employees; and

WHEREAS, to effectuate the aforesaid purposes, the parties desire to establish a Trust Fund to receive and apply said payments for the agreed upon purpose; and

WHEREAS, the Union and the Employer have heretofore entered into written collective bargaining agreements under the terms of which it is provided that the Employer make certain payments to the Trust Fund and specifying the basis upon which such payments are to be made;

NOW, THEREFORE, for and in consideration of the premises and of the mutual covenants and agreements herein contained, the Union and the Employer hereby accept and adopt all of the provisions herein contained, and the Trustees declare that they will receive and hold the contributions and any other money or property which may come into their hands as Trustees of and for the Trust Fund, with the powers, duties, uses and purposes as hereinafter set forth:

- 1 -



ARTICLE 1

Definition of Terms

SECTION 1.    Employer - Any Employer who is a party to a Collective Bargaining Agreement under the terms of which the Employer is required to make contributions to the Fund.  Subject to the consent of the Trustees, the Union, the Trust Fund and any other trust funds established for the purpose of providing pension or similar benefits, when agreeing to make the necessary contributions, may be an Employer with respects to its salaried Employees.

SECTION 2.    Union - Union means the affiliated locals of the Central States Joint Board, AFL-CIO, and such other unions that the Trustees may agree upon.

SECTION 3.    Employees - Any person whose Covered Employment with an Employer provides the basis for Employer Contributions to the Plan on behalf of such person.

SECTION 4.    Board of Trustees - Trustees or Board of Trustees means the Trustees designated in the Trust Agreement and their successors appointed in accordance with the terms of this Trust Agreement and shall act as the Plan Administrator.

SECTION 5.    Trust Fund - Trust Fund means all of the Trust's property of any kind and nature.

SECTION 6.    Employer Contribution - Employer Contribution means the payments made by Employers to the Trust Fund.

SECTION 7.    Trust Agreement or Agreement means this Amended Trust Agreement effective on the date provided in Article 16.


ARTICLE 2

Creation of Trust Fund and Appointment of Trustees

SECTION 1.    Designation - The Union and the Employer hereby create and establish with the Trustees herein provided for, a Trust, to be known as the CENTRAL STATES JOINT BOARD HEALTH & WELFARE TRUST FUND, which shall be comprised of assets derived from Employer contributions made pursuant to the collective bargaining agreement between the parties (plus any additional sums, from Employer contributions which may hereafter be agreed upon by the Employers and the Union, and set forth in collective

- 2 -



PL397

bargaining agreements), together with all insurance contracts (including dividends, refunds, or other sums payable to the Trustees on account of such insurance contracts) and all investments made and held by the Trustees, all moneys received by the Trustees as contributions or as income from investments made and held by the Trustees or otherwise, and any other property received and held by the Trustees for the uses, purposes and trusts, set forth in this Agreement where any of the foregoing is derived from the Employer contributions.

SECTION 2.    Board of Trustees - There is hereby created a Board of Trustees consisting of six (6) persons representative of the Employees and six (6) persons representative of the Employer. The Employer Trustees shall be selected from among the contributing contractual Employers.  Employee Trustees shall be designated jointly by the Union as defined in Article 1, Section 2.

SECTION 3.    Manner of Acting in Event of Deadlock - In the event a deadlock develops between the Employer and Employee Trustees, or between the Trustees, the Trustees shall appoint a neutral party empowered to breach such deadlock within a reasonable length of time.  Such neutral party may be appointed in advance of any such deadlock.  In the event the Trustees are unable to agree upon a neutral party, or in the event such neutral party is unable to act, either the Employer or the Employee Trustees may petition the United States District Court for the Northern District of Illinois, Eastern Division, for appointment of a neutral person, as provided in Section 302(c) of the Labor-Management Act of 1947, as amended.

SECTION 4.    Vacancies in Office of Trustees - In case of vacancies by death, legal incapacity, resignation, or otherwise, of the Employer Trustees or Employee Trustees, a successor thereto shall be appointed in the manner in which the original Trustees were appointed as provided in Article 2, Section 2, hereof. Any Trustee shall have the right to resign upon tendering ten (10) days' written notice to the remaining Trustees.  Any successor Trustee shall, immediately upon the acceptance of the Trusteeship, become vested with all the property, rights, powers and duties of a Trustee.

SECTION 5.    Removal of Trustees - Any Employer Trustee may be removed, with or without cause, at any time by the contributing, contractual Employers appointing such Employer Trustee.  In the event of removal of an Employer Trustee, the contributing, contractual Employer removing such Trustee shall appoint a Successor Trustee.  Any Employee Trustee may be removed, with or without cause, at any time by the Union.  The Trustees shall have the authority and duty to act to remove a Trustee holding office.

PL398

SECTION 6.     Limitation of Liability of Trustees - No Trustee
shall be liable or responsible for any acts or defaults of any
co-Trustee or predecessor Trustee, any other fiduciary, any party
in interest, or any other person, except in accordance with
applicable law, or for any losses or expenses resulting from or
occasioned by anything done or neglected to be done in the admi-
nistration of the Trust Fund prior to his becoming a Trustee, nor
be required to inquire into or take any notice of the prior
administration of the Trust Fund.

SECTION 7.     Office of the Fund - The sole and principal office
of the Trust Fund shall be in Chicago, Illinois, for the trans-
action of its business.   At such office, and at such other places
as may be required by law, there shall be maintained all, or any
of, the books and records pertaining to the Trust Fund and its
administration.

SECTION 8.     No One Is Agent Without Written Authority - No
individual or person may act as agent for the Trust Fund unless
specifically authorized in writing by the Trustees.   No Employer
or Union, or any representative of any Employer or Union in such
capacity, is authorized to interpret the Health & Welfare Trust
Plan, nor can any such person act as agent of the Trustees.   Only
the Board of Trustees are authorized to interpret the Health &
Welfare Trust Plan within the scope of their respective authorities.

ARTICLE 3

Contributions and Collections

SECTION 1.     Amount of Contributions - Payments to the Trust
Fund by an Employer on behalf of an Employee shall be made in the
amount and upon the basis specified in the then existing collec-
tive bargaining agreement between the Union and the Employer.

SECTION 2.     Time of Payment - The Trustees shall, by regula-
tion, fix the time of payment for contributions and shall send a
copy of such regulations to each Employer required to contribute.

SECTION 3.     Receipt of Payment and Other Property of Trust -
The Trustees are hereby designated as the persons to receive the
payments heretofore and hereafter made by the Employers to the
Trust Fund, and the Trustees are hereby vested with all right,
title and interest in and to such moneys and all interest accrued
thereon, and are authorized to receive and be paid the same.   The
Trustees agree to receive all such payments, deposits, moneys,
insurance and annuity contracts and other assets and properties
described or referred to in Article 2 and this Article 3 and to



- 4 -

hold the same in Trust hereunder for the uses and purposes of the Trust herein created.

SECTION 4.    Collection Actions - (a)  The Trustees shall be required to take all reasonable steps to collect delinquent Employer Contributions, which may include legal proceedings.  In cases of such delinquencies, the Employer shall be obligated to pay in addition to the amount of the delinquency, attorneys' fees, costs and either the prevailing rate of interest or liquidated damages as determined by the Trustees.

    (b)  Cook County of the State of Illinois shall be the proper county in which to institute legal proceedings to collect delinquent Employer Contributions.

    (c)  If an Employer becomes delinquent in paying any amounts required under this Article, he shall reimburse the Trust Fund for all reasonable attorneys' fees incurred by the Trust Fund in connection therewith, whether or not legal proceedings were instituted, it being recognized that the extent of legal services necessarily incurred in the collection of required Employer Contributions may in certain cases have no relation to the fact that the amount of the delinquency in question is relatively small.

    (d)  The Trustees may allocate to two Trustees, one of whom shall be a Union Trustee and one an Employer Trustee, or to the Plan Manager, the authority to compromise and settle such collection actions on such terms and for such amounts as they consider reasonable, prudent and appropriate under the circumstances.  Any such compromise and settlement shall be binding and conclusive on the Trustees, Trust Fund, Unions, Employers and Employees and their beneficiaries.

    (e)  The above procedures are not exclusive, and are without prejudice to the rights of the Union or to take whatever steps are deemed necessary.

    (f)  It is recognized and acknowledged that the regular and prompt payment of required Employer Contributions is essential to the efficient and fair administration of the Trust Fund and that it would be extremely difficult and impractical to fix the actual expense and damage to the Trust Fund, over and above attorneys' fees, which would result from the failure of an Employer to make timely payments of Employer Contributions required.  Therefore, the trustees shall have the right to determine, when appropriate, an amount of damage which shall be due and payable to the Trust Fund as liquidated damages at a time which they shall prescribe. No further notice of delinquency need be given to the Plan Manager while the Employer remains in a delinquent status.

- 5 -

SECTION 5.    Production of Records - Each Employer shall
promptly furnish to the Trustees, upon reasonable demand, the
names and current addresses of its Employees, their Social
Security numbers, the hours worked by each Employee and past
industry employment history in its files and such other infor-
mation as the Trustees may reasonably require in connection with
the administration of the Trust.  The Trustees may, by their
representatives, examine the pertinent records of each Employer
at the Employer's place of business whenever such examination is
deemed necessary or advisable by the Trustees in connection with
the proper administration of the Trust.  All Employers shall
annually furnish to the Trustees, if requested by them, a state-
ment showing whether (a) the organization is a corporation and
the names of all of its officers; (b) if not a corporation, a
certificate stating that it is either a partnership or an indi-
vidual proprietorship and the names of the partners or the name
of the individual proprietor.  The Union will comply with any
reasonable request of the Trustees to examine those records of
the Union which may indicate the employment record of any
Employee whose status is in dispute.  The names and addresses of
participants and beneficiaries are confidential information not
to be disclosed by the Trustees except as required by an order of
a court of competent jurisdiction, except where necessary for
determination of benefits in accordance with the provisions of
this Trust Agreement, or as required by law.

SECTION 6.    Guarantee Deposits - The Trustees are given the
power and authority, in their discretion, in appropriate cases,
to require Employers to deposit with the Trustees, in advance (as
a guarantee for the payment of monthly contributions, and amount
to be determined by the Trustees) as a condition to such
Employer's participation herein, and are given the right to
require that said guarantee be continuously maintained by such
Employer as a condition to the continued participation herein.


ARTICLE 4


Powers and Duties of Trustees


SECTION 1.    The Trustees shall have the authority to control
and manage the operation and administration of the Trust in
accordance with applicable law, and shall have the following
powers and duties with regard to the administration of the Plan:

     (a)  To develop procedures to be followed by Employers in
reporting contributions made on behalf of Employees.



- 6 -

(b) To develop procedures for the establishment of credited service of Employees, including the means of affording Employees and Employers the opportunity to object thereto, and to establish such facts conclusively.

(c) To prescribe rules and procedures governing the application by Employees and beneficiaries for benefits, and the furnishing of any evidence necessary to establish the rights of Employees and beneficiaries to such benefits.

(d) To make determinations which shall be final and binding upon all parties as to the rights of any Employee and any beneficiary to benefits, including any rights any individual may have to request a hearing with respect to any such determination.

(e) To obtain and evaluate all statistical and actuarial data which may be reasonably required with respect to the administration of the Plan.

(f) To make such rules and regulations as may be necessary for the administration of the Plan and not inconsistent with the purposes of the Trust.

SECTION 2. The Trustees shall hold, manage, care for, and protect the Trust Fund and collect the income therefrom and contributions thereto.

SECTION 3. (a) The Trustees shall have the power, in their sole discretion, to invest and reinvest the principal and income of the Trust Fund in such securities, common and preferred stock, real estate or other property as shall be permissible investments for Trustees in accordance with applicable law, and may sell or otherwise dispose of such securities or property at any time and from time to time as they see fit. The Trustees shall also have power (in addition to and not in limitation of common law and statutory authority) to invest in any stocks, bonds, or other property, real or personal, including improved or unimproved real estate and equity interests in real estate, where such an investment appears to the Trustees in their discretion and in accordance with their fiduciary obligations to be in the best interest of the Trust Fund and its beneficiaries, judged by then present day business conditions and standards, and to exercise in respect to any stocks, bonds, or other property, real or personal, held by them as Trustees, all such rights, powers and privileges as might be lawfully exercised by any person owning similar stocks, bonds or other property in his own right.

(b) The Board of Trustees, if they so desire, are authorized to allocate only to a committee of Trustees, or to one or more "Investment Managers" as defined in Section 3(38) of the Employee Retirement Income Security Act of 1974, appointed by

- 7 -

the Trustees, such duties and responsibilities with respect to the Trust assets, including the responsibility to invest or re-invest such assets, as they shall specify in such allocation or appointment, and to invest in such collective employee benefit trust funds of the Investment Manager, acting as trustee, pur-suant to all the terms and conditions of the declaration of trust creating and governing the collective employee benefit trust fund, as amended from time to time. In connection with any such appointment, the Trustees shall from time to time adopt appropri-ate investment policies and also may delegate to such Investment Manager the right to custody and possession of the Trust assets, or any part thereof. Any such appointment may be revoked at any time by notice in writing from the Trustees to such Invesment Manager.

SECTION 4.     All Trust Funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits, or disbursements, shall be made in the name of the Trust in the manner designated by the Trustees and upon signature(s) desig-nated by the Trustees.

SECTION 5.     The Trustees shall keep true and accurate books of account and a record of all their transactions.

SECTION 6.     The Trustees shall engage one or more independent qualified public accountants and enrolled actuaries to perform all services required by and in accordance with applicable law and such other services as the Trustees deem necessary.

SECTION 7.     The Trustees, to the extent permitted by appli-cable law, shall incur no liability in acting upon any instru-ment, application, notice, request, signed letter, telegram, or other paper or document believed to them to be genuine and to contain a true statement of facts, and to be signed by the proper person.

SECTION 8.     Any Trustee, to the extent permitted by applicable law, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

SECTION 9.     The Trustees are hereby authorized to formulate and promulgate a health and welfare plan, any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust, provided the same are not inconsistent with the terms of this Agreement and the articles in the collective bargaining agreements creating the Health & Welfare Trust Fund. All rules and regulations adopted by action of the Trustees for the administration of the Trust



- 8 -

Fund shall be binding upon all parties hereto, all parties dealing with the Trust, and all persons claiming any benefits hereunder.

SECTION 10.     (a)   The Trustees may assign from time to time various administrative matters to such committees and subcommittees of Trustees, experts, or other individuals or organizations as they may deem appropriate or necessary·in their sole discretion. Committees and Subcommittees of Trustees shall consist of an equal number of Employer and Employee Trustees.   Only the Trustees shall have the authority to approve, modify the terms of, or terminate any loan.   The Trustees, from time to time as appropriate, shall determine and modify the loan and investment policies of the Fund, including the diversification of investments so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so.

     (b)   The Trustees shall have the authority to appoint a Plan Manager who shall be responsible to the Trustees and/or any committee thereof for the administration of the Fund's office and personnel, for the coordination and administration of accounting and actuarial services, for the preparation of all reports and other documents required to be filed or issued in accordance with law, for the performance of ministerial duties in conformance therewith, and for such other duties which shall be assigned to him by the Trustees in accordance with the procedures of Article 6.   The Plan Manager shall be the custodian of the documents and other records of the Trust Fund.

SECTION 11.     No party dealing with the Trustees shall be obligated (a) to see the application to the trust purposes herein stated of any money or property belonging to the Trust Fund, or (b) to see that the terms of this Agreement have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees.   Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (1) that at the time of the delivery of said instrument was executed in accordance with the terms and conditions of this Agreement, and (2) that the Trustees were duly authorized and empowered to execute this instrument.

SECTION 12.     The Trustees may, by regulation, establish rules relating to payments of contributions by Employers for Employees during periods of such Employees' illness or disability and related matters but not contrary to applicable collective bargaining agreements.

SECTION 13.     The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law:

     (a)   To enter into any and all contracts and agreements for carrying out the terms of this Agreement and for the administration of the Trust Fund and to do all acts as they, in their

- 9 -

discretion, may deem necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the parties hereto and on the Employees involved.

(b)  To keep property and securities registered in the names of the Trustees or in the name of any other individual or entity duly designated by the Trustees.

(c)  To establish and accumulate as part of the Trust Fund a reserve or reserves adequate, in the opinion of the Trustees and in accordance with applicable law, to carry out the purposes of the Trust.

(d)  To pay out of the funds of the Trust all real and personal property taxes, income taxes, and other taxes of any and all kinds, levied or assessed under existing or future laws upon or in respect to the Trust Fund, or any money, property, or securities forming a part thereof.

(e)  To sell, exchange, lease, convey, mortgage or dispose of any property, whether real or personal, at any time forming a part of the Trust Fund upon such terms as they may deem proper, and to execute and deliver any and all instruments of conveyance, lease, mortgage, and transfer in connection therewith.

(f)  To do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder.

SECTION 14.    The Trustees shall use and apply the Trust Fund for the following purposes:

(a)  To pay or provide for (1) all reasonable and necessary expenses of collecting the contributions and administering the affairs of this Trust, including the employment of such administrative, legal, actuarial, expert, and clerical assistance, as may be reasonably necessary, (2) the purchasing, owning, or leasing of such premises as may be necessary for the operation of the affairs of the Trust, and (3) the purchase or leasing of such materials, supplies and equipment as the Trustees, in their discretion, find necessary or appropriate to the performance of their duties.

(b)  To pay or provide for the payment of medical, surgical, dental, death, and related benefits to eligible Employees in accordance with the terms, provisions and conditions of the health and welfare plan to be formulated and agreed upon hereunder by the Trustees.

SECTION 15.    The Trustees, by majority action, shall have the power to construe the provisions of this Agreement and the terms

- 10 -

and regulations of the Health and Welfare plan, and any construction adopted by the Trustees in good faith shall be binding upon the Union, Employees and Employers.

SECTION 16.    The Trustees, by resolution, shall provide for fidelity bonds, in such amounts as they may determine, for their Employees and for the Trustees, the cost of which shall be paid by the Fund.    The Trustees may purchase insurance coverage to protect the Fund from liability arising out of any error or omission of any Trustee or Employee of the Trust, in accordance with applicable law, the cost of which policy shall be paid by the Fund.

SECTION 17.    The Employer Trustees and Employee Trustees shall not be paid any compensation for their services hereunder for attendance at regular or special meetings of the Trustees; but the Trustees may be reimbursed for expenses properly and actually incurred for attending regular or special meetings of the Trustees or committees or subcommittees, or while performing specific assignments or for attending educational meetings authorized by the trustees; provided further, that the Trustees who are not receiving full-time pay from an Employer or Union may be paid reasonable compensation for services rendered, which rate shall be established and reestablished by the Trustees from time to time.

SECTION 18.    Notice given to a Trustee, Union, Employer, or any other person shall, unless otherwise specified herein, be sufficient in writing and delivered to or sent by postpaid first class mail or prepaid telegram to the last address as filed with the Trustees.    Except as herein otherwise provided, the delivery of any statement or document required hereunder to be made to a Trustee, Union, or Employer shall be sufficient if delivered in person or if sent by postpaid first class mail to his or its last address as filed with the Trustees.

SECTION 19.    Any questions arising in connection with the discharge of this Agreement and Declaration of Trust not herein specifically provided for shall be left to the sole discretion of the Trustees and their independent judgment and acting under such advice as to them seems necessary and proper.

SECTION 20.    The Trustees may, when necessary, employ legal counsel upon a legal question arising out of the administration of this Agreement and Declaration of Trust, and shall be held completely harmless and fully protected in acting and relying upon the advice of such counsel.

SECTION 21.    To the extent allowed by law, the costs and expenses of any action, suit, or proceeding brought by or against the Trustees or any of them (including counsel fees) shall be

- 11 -

paid from the Trust Fund, except in relation to matters as to
which it shall be adjudged in such action, suit, or proceeding
that such Trustee was acting in bad faith or was grossly negli-
gent in the performance of his duties hereunder.

ARTICLE 5

Controversies and Disputes

SECTION 1.       In any controversy, claim, demand, suit at law, or
other proceeding between any Employee, participant, beneficiary,
or any other person and the Trustees, the Trustees shall be
entitled to rely upon any facts appearing in the records of the
Trustees, any instruments on file with the Trustees, with the
Union or with the Employer, any facts certified to the Trustees
by the Union or the Employer, any facts which are of public
record, and any other evidence pertinent to the issue involved.

SECTION 2.       All questions or controversies, of whatsoever
character, arising in any manner or between any parties or
persons in connection with the Trust Fund or the operation
thereof, whether as to any claim for any benefits preferred by
any Employee, participant, beneficiary, or any other person, or
whether as to the construction of the language or meaning of the
Health and Welfare plan, or rules and regulations adopted by the
Trustees, or this Agreement, or as to any writing, decision,
instrument or accounts in connection with the operation of the
Trust Fund, or otherwise, shall be submitted to the Trustees for
decision initially or by appeal, taking into account Article 4,
Section 11, and the decision of the Trustees, shall be binding
upon all persons dealing with the Trust Fund or claiming any
benefit thereunder.

SECTION 3.       The Trustees may, in their sole discretion, com-
promise or settle any claim or controversy in such manner as they
think best, and any decision made by the Trustees in compromise
or settlement of a claim or controversy, or any compromise or
settlement agreement entered into by the Trustees, shall be
conclusive and binding on all parties interested in this Trust.

ARTICLE 6

Operation of Board of Trustees

SECTION 1.       Officers - The Employee Trustees shall select a
Chairman and a Secretary and the Employer Trustees shall select a

- 12 -

Treasurer, who shall be Trustees and serve until their successors are duly elected and qualify.

SECTION 2.    Quorum - A quorum of the Trustees for the trans-action of business, except as otherwise specifically provided herein, shall consist of at least four (4) Trustees, two (2) of whom shall be representative of the Employers and two (2) of whom shall be representative of the Employees.  All actions of the Trustees at meetings shall be by majority vote of those present and voting, a quorum being present.  No Trustee may vote by proxy.  A quorum of a committee or subcommittee shall consist of a majority of the members thereof.

SECTION 3.    Power to Act in Case of Vacancy - No vacancy or vacancies in the Board of Trustees shall impair the power of the remaining Trustees, acting in the manner provided by this Agree-ment, to administer the affairs of the Trust notwithstanding the existence of such vacancy or vacancies.

SECTION 4.    Expenses - All proper and necessary expenses incurred by any Trustee, including costs of defense in litigation arising out of the Trusteeship of this Fund, shall be paid out of the Trust Fund if permitted by law.

SECTION 5.    Meetings - Regular meetings of the Trustees shall be held at least four (4) times a year.  Any six (6) Trustees may request a meeting of the Trustees at any time by notifying the Plan Manager who shall arrange the time and place thereof. Written notices of meetings may be delivered in person, by mail, or by telegram.  Meetings of the Trustees may also be held at any time without notice if all the Trustees consent thereto.

SECTION 6.    The Trustees shall make and maintain a record of the actions of the Trustees taken at any meeting thereof.  Any action, which may be taken at a meeting of the Trustees, may be taken without a meeting if a consent in writing, setting forth the action so taken, should be signed by all of the Trustees.

SECTION 7.    All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint one Management and one Union trustee to sign such report on behalf of the Trustees.

ARTICLE 7

Establishment of Health & Welfare Plan

SECTION 1.    Formulation of Plan - The Trustees shall formulate a plan for the payment of the health, medical, surgical, dental,

- 13 -



death and related benefits for eligible Employees and related benefits as are feasible. Such plan shall at all times comply with all applicable federal statutes and regulations and with the provisions of this Trust Agreement. The Trustees shall not be under any obligation to pay any benefit if the payment of such benefit will result in loss of the Trust Fund's tax exempt status under the then applicable Internal Revenue Code and any regulations or rulings issued pursuant thereto. The Trustees shall draft procedures, regulations, and conditions for the operation of the plan, including, by way of illustration and not limitation: conditions of eligibility for covered Employees, procedure for claiming benefits, schedules of type and amount of benefits to be paid, and procedure for the distribution of benefits.

SECTION 2.      The Trustees shall provide participating Employees and beneficiaries such information as is required by law.

SECTION 3.      Amendment of Plan - The Health & Welfare Plan may be amended by the Trustees from time to time, provided that such amendments comply with the applicable sections of the then applicable Internal Revenue Code, all applicable federal statutes and regulations, the contract articles creating the Health & Welfare Plan, and the purposes as set forth in this Agreement. Additionally and not by way of limitation, the Trustees may amend the Plan, in future, or retroactively, where they deem it necessary to maintain the continuation of the Fund's tax exempt status or to preserve compliance with the then applicable Internal Revenue Code, applicable federal statutes, and any regulations or rulings issued with respect thereto. A copy of each amendment of the Health & Welfare Plan shall be adopted and filed by the Trustees as part of the records and minutes of the Trustees, and one copy thereof shall be distributed to the Union and to each Employer Trustee signatory to this Trust Agreement.

ARTICLE 8

Spendthrift Clause

SECTION 1.      No Assignment or Attachment of Benefits - Benefits payable under this plan shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, charge, garnishment, execution or levy of any kind, either voluntary or involuntary, including any such liability which is for alimony or other payments for support of a spouse or former spouse or for any relative of the Employee, participant, or beneficiary, prior to actually being received by the person entitled to the benefit under the terms of any Plan, any any attempt to anticipate, alienate, sell, transfer, assign, pledge,

- 14 -

encumber, charge or otherwise dispose of any right to benefits hereunder shall be void. The Trust Fund shall not in any manner be liable for or subject to the debts, contracts, liabilities, engagements or torts of any person entitled to benefits hereunder.

ARTICLE 9

Payments to Persons Under Legal Disability

SECTION 1.    In case any benefit payments hereunder become payable to a person under legal disability, or to a person not adjudicated incompetent but, by reason of mental or physical disability, in the opinion of the Trustees, is unable to administer properly such payments, then such payments may be paid by the Trustees for the benefit of such person in such of the following ways as they think best, and the Trustees shall have no duty or obligation to see that the payments are used or applied for the purpose or purposes for which paid:

   a.    directly to any such person;

   b.    to the legally appointed guardian or conservator of such person;

   c.    to any spouse, parent, brother or sister of such person for his welfare, support and maintenance;

   d.    by the Trustees using such payments directly for the support, maintenance and welfare of any such person.

ARTICLE 10

Amendments of Agreement and Declaration of Trust

It is anticipated that in the administration of this Trust conditions may arise that are not foreseen at the time of the execution of this Agreement and it is the intention of the parties that the power of amendment, which is hereinafter given, be exercised in order to carry out the provisions of this Trust, among which is to pay the largest benefits possible which are consistent with the number of persons becoming and likely to become eligible for such payments, the amount of funds which are available and which will probably become available, and the following of sound actuarial practice. Therefore, the power is

- 15 -

PL410

given to the Trustees to amend this Agreement by majority vote at
any time and from time to time, and all parties to the Trust and
all persons claiming an interest thereunder shall be bound thereby,
and no Employee, participant, beneficiary, or any other person,
shall have any vested interest or right in the Trust Fund or in
any payment from the Trust Fund, except as provided by law.  The
Trustees have full authority to amend, repeal, add to, or take
away any right of payment, retroactive or otherwise, that they
deem proper for the preservation of this Trust; providing, how-
ever, in no event shall the Trust Fund be used for any other
purpose other than the purpose set forth in this Agreement, and
for the purposes of paying the necessary expenses incurred in the
administration of this Trust.  All amendments to this Agreement
shall comply with the applicable sections of the then applicable
Internal Revenue Code, and the contract articles creating the
Health & Welfare Fund.

ARTICLE 11

Termination of Trust Agreement

SECTION 1.    This Trust Agreement shall cease and terminate
upon the happening of any one or more of the following events:

(a)  In the event the Trust Fund shall be, in the opinion of
the Trustees, inadequate to carry out the intent and purpose of
this Agreement, or to meet the payments due or to become due
under this Agreement to persons already drawing benefits.

(b)  In the event there are no individuals living who can
qualify as Employees hereunder.

SECTION 2.    In the event this Trust shall terminate for any of
the reasons set forth in Section 1 of this Article 11 hereof, the
rights of all Employees to benefits accrued to the date of termi-
nation shall be nonforfeitable.  The Trustees shall distribute
the Trust Fund as required by law.

ARTICLE 12

Miscellaneous

SECTION 1.    In no event shall an Employer, directly or in-
directly, receive any refunds of contributions made to the Trust,
except in cases of bona fide mistake, and as authorized by federal

- 16 -

regulation, nor directly or indirectly participate in the dis-
position of the Trust Fund or receive any benefits from the Trust
Fund.  Upon transfer of each contribution to the Trustees, all
responsibilities of the Employers for each contribution shall
cease, and the Employers shall have no responsibilities for the
acts of the Trustees.  No Employee shall have any individual
rights, title, interest, or claim against any Employer, Em-
ployer's contribution, or the Trust Fund, except as may be pro-
vided expressly for in this Agreement or under federal law.

SECTION 2.     The Union or the Employer may, at any time, demand
of the Trustees an accounting with respect to any and all accounts
upon agreement to pay necessary expenses thereof.  The Trustees
shall be entitled, at any time, to have a judicial settlement of
their accounts and judicial determination of any question in
connection with the administration or distribution thereof.  Any
Trustee who has resigned, been removed from office, or not been
reappointed shall execute all instruments necessary to transfer
the Trust Fund.

SECTION 3.     In the event any question or dispute shall arise
as to the proper person or persons to whom any payments shall be
made hereunder, the Trustees may withhold such payment until an
adjudication of such question or dispute, satisfactory to the
Trustees, in their sole discretion, shall have been made, or the
Trustees shall have been adequately indemnified against loss to
their satisfaction.

SECTION 4.     Where used in this Agreement, words in the mascu-
line shall be read and construed as in the feminine, and words in
the singular shall be read and construed as though used in the
plural, in all cases where such construction would so apply.

SECTION 5.     The Article titles are included solely for con-
venience and shall, in no event, be construed to affect or modify
any part of the provisions of this Agreement or be construed as
part thereof.

SECTION 6.     This Agreement is made and is to be administered
in the State of Illinois, including without limitation, the
exercise by the Trustees of the powers and duties in Articles 4
and 5.  The Health and Welfare plan formulated and amended by the
Trustees is made and administered in the State of Illinois.
Where there is presented to the Trustees by an Employee, partici-
pant, or beneficiary, a request for benefits under this Agreement
or Health and Welfare plan, a claim for other rights under this
Agreement or Health and Welfare plan, or a request for clarifi-
cation of his rights to future benefits, the only place where the
Trustees took action under this Agreement and any health and
welfare plan shall be the place where the Trustees met and decided
the claim or request.  This Agreement shall in all respects be

- 17 -

PL412

construed according to and governed by the laws of the State of Illinois, including but not limited to the laws applicable to the rate of interest in the State of Illinois, except as such laws may be preempted by the laws and regulations of the State of Illinois.

## ARTICLE 13

Beneficial Rights

No Employer or Union, or Employees, shall have any right, title or interest in or to the Trust Fund or any part thereof. There shall be no pro-rata or other distribution of any of the assets of the Trust Fund as a result of any Union, Employer or group of Employees or Employers, ceasing their participation in this Trust Fund for any purpose or reason except as required by law.

## ARTICLE 14

Savings Clause

Should any provision of this Trust Agreement be held to be invalid or invalid as to any person or instance, such fact shall not adversely affect the other provisions herein contained or the application of said provisions to any other person or instance, unless such invalidity shall make impossible the functioning of the plan. No Trustee shall be held liable for any act done or performed in pursuance of any provisions hereof prior to the time such act or provision shall be held invalid by a court of competent jurisdiction.

## ARTICLE 15

Agreement of Employers

By accepting this Agreement and Declaration of Trust, all Employers agree to be bound by the provisions of these Articles, and all other Employer obligations set forth in this Agreement and Declaration of Trust.

- 18 -

PL413

ARTICLE 16

Effective Date

The effective date of this Amended Agreement shall be
September 23, 1981.

_____
John Serpico

_____
Donald E. Terlap

_____
Miles Nekolny

_____
Elmer R. Lewis

_____
Gustave Caravelli

_____
Eddie Poe

_____
Edward Saltzberg

_____
Abe Silverman

_____
Robert Werner

_____
Charles Schiff

_____
Cyrus Thyer

_____
Robert Neilsen

- 19 -

PL414