# EXHIBIT 3

**My Benefits Group, Inc.**
P.O. Box 437 ~ Pontiac, Illinois 61764

## RECOGNITION AGREEMENT

## CHEMICAL & PRODUCTION WORKERS' UNION LOCAL 30
## I.U.A.N. & P.W.-AFL-CIO

This Recognition Agreement is made and entered into this _8 March 2012_ by and between _MIKE JOPES_ of _Napleton Dealership Grp_ hereinafter called the "Employer" and Chemical & Production Workers' Union Local 30, I.U.A.N. & P.W.-AFL-CIO, hereinafter called the "Union."

    1. The **Employer** agrees to recognize the **Union** as the exclusive bargaining agent of its employees in the unit set forth below subject to the **Union** demonstrating majority status by a showing of a majority of signed authorization cards executed by employees in the below mentioned unit.

    2. The **Employer** agrees, upon a demonstration of majority status by the **Union,** to recognize the **Union** as the sole collective bargaining agent with respect to wages, hours, and other terms and conditions of employment in a unit composed of full-time _Administration_, but excludes the class _Mechanics, 1099 Sales People_, including ineligible classes as defined in the National Labor Relations Act, as amended. Full-time employment shall include any employee who is regularly scheduled to work at least _40_ **hours each week,** or who accumulates a total of at least _200_ **hours in a calendar year** (use 50-week basis).

    3. It is agreed that the parties or their representatives will meet promptly to establish employee benefits and other terms and conditions of employment for the employees covered by this **Recognition Agreement,** and that upon completion of such meetings the parties' agreement shall be promptly reduced to writing and signed by the **Employer** and the **Union.**

    4. The Employer agrees that this **Recognition Agreement** shall remain in effect unless sixty (60) days prior to expiration of this Agreement written notice is given to the Bargaining Agent by either party. This **Recognition Agreement** is executed by the parties' duly authorized representatives on the day and year written above.

**For the Employer:**

_____
(Signature)

_Michael M Jopes_
(Print Name)

Title: _CFO_

**For the Union:**

_____
(Signature)

_____
(Print Name)

Title: _VP_

**My Benefits Group, Inc.**
P.O. Box 437 ~ Pontiac, Illinois 61764

# ADDENDUM TO THE MASTER CONTRACT

## Between

## The CHEMICAL & PRODUCTION WORKERS' UNION LOCAL 30 I.U.A.N. & P.W. - AFL-CIO And

## The MY BENEFITS GROUP, INC. (as "Bargaining Agent") On behalf of

_Napleton Dealership Group_, of _10400 W. Higgins Suite 205, Rosemont, IL 60018_
(Employer)                                    (Address)

## Addendum

This Addendum is hereby made part of the My Benefits Group Inc. Master Contract, dated September 1, 2010 governing the above named Employer

### ARTICLE I- BARGAINING UNIT

**Section 2. Employee Defined:**
Employees shall include any person in the unit of employees described in the **Bargaining Unit.**

**Section 3. Exclusive Bargaining Representative:**
The Union recognizes the Employer will establish wages, hours, working conditions, and benefits for its Employees.

### ARTICLE II-RECOGNITION

**Section 1. Trial period**
All new inexperienced employees hired by the Employer shall have a trial period of (_60_) days, subject to a mutually agreed upon extension for an additional period of up to (  _0_  ) days.

### ARTICLE V-HOURS OF WORK

**Section 1-6. Wages and Salaries:**
All wages and salaries under these Sections will be established by the Employer in its sole discretion.

### ARTICLE VI-HOLIDAYS

1 | Page

**Section 2. Eligible Employees:**
Eligible employees shall receive the following holidays (with) or (without) pay: **New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, Christmas Day;** Other: Refer to the Employer's Handbook

## ARTICLE VII- VACATIONS

**Section 1. Eligibility:**
All Vacation schedules will be either:
(X) As outlined in the Employer's Handbook available to Employees.
( ) As outlined below.

| Length of Employment | | Length of Vacation |
|---|---|---|
| At Least | but Less Than | |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ARTICLE XI- MISCELLANEOUS PROVISIONS:

**Section 2. Work by Supervisors:**
Employer at his sole discretion will direct Supervisors as necessary to perform duties deemed necessary to keep its company running at maximum performance.

**Section 4. Notices:**
Whenever under the agreement a provision is made for notice of any kind or where it is deemed desirable or necessary by either party to give notice to the other, it shall be deemed sufficient notice and service thereof if such notice is sent by registered or certified mail, as follows:

To Union:

To Association: Chemical &

Production Workers
Union Local 30
1950 West Erie Street
Chicago, IL 60622

My Benefits Group Inc.
P.O. Box 437.
Pontiac, IL 61764

Either party by like notice may change the address to which such notice shall be sent. Notice given in accordance with these provisions shall be effective when mailed.

**Section 11. Jury Duty Pay:**
All Employees with thirty (30) days or more of service with the Employer and who are required to serve on a jury shall be paid an amount equal to their regular pay less any jury duty

2 | Page

pay received, up to forty (40) hours (or one week if salaried paid), per calendar year.

**Section 12. Condolence Pay:**
All Employees with thirty (30) days or more of service with the Employer shall be granted two (2) days Condolence Pay in the event of a death in the immediate family.

# ARTICLE XII- HEALTH and WELFARE FUND:

**Section 2.** Effective _April 1, 2012_, the Employer shall pay on behalf of each eligible Employee into the Central States Joint Board, Health & Welfare Trust Fund. The Employer may select the premiums to be charged to Employees and/or their dependents as negotiated with the Association. The rate guarantee is from January 1st through December 31st of every year.

**Section 3.** Effective January 1 of each year, the Employer shall pay on behalf of each eligible Employee as described in Section 1 into the Central States Joint Board, Health and Welfare Trust Fund an amount that shall not exceed the previous year's rate by more than 22%.

**Section 9.** The Employer payments to the Fund shall be as follows:
   (c) If a covered Employee is absent because of occupational illness or injury, the Employer shall pay at the rate of Employee only coverage for a period of three (3) month(s) following the month in which the occupational illness or injury occurred.

   (d) If a covered Employee is absent due to a leave of absence under the Family and Medical Leave Act, the Employer shall pay at the rate of Employee only coverage for twelve (12) weeks. The Employee shall pay the difference in coverage during this period if any coverage other than Employee only was elected.

# ARTICLE XIV- DEATH BENEFIT:
A Death Benefit as specified in **DBO** Exhibit 1 shall be provided to each employee covered herein.

# ARTICLE XV- RETIREMENT BENEFITS:

**Section 1. Type of Benefit**

(a) None_____
(b) Profit sharing or 401(k) plan _✓_
(c) Defined Benefit or Contribution Pension Plan _____ (d) Severance Plan _____

# ARTICLE XX- WAGES:
**Section 1. Wage Schedule:**

(a) A minimum wage rate of $ _10.00_ per hour shall be provided to each Employee covered herein.
(b) Effective immediately there is a wage freeze. One year from date of contract there shall be a review per employee to determine any wage increase.

IN WITNESS WHEREOF, The parties have signed this Addendum this _8_ day of _March_ 20_12_.

**EMPLOYER:** _Napleton Dealership Group_ (Employer)

By: _[signature]_
Title: _CFO_

**UNION:** Chemical & Production Workers Local 30 I.U.A.N. & P.W., AFL-CIO

By: _[signature]_
Title: _[signature]_

**ACCEPTED:**

**MY BENEFITS GROUP, INC.**

By: _Brad May_
Title: _C.E.O._

4 | Page