# EXHIBIT 8

## PARTICIPATION AGREEMENT

This Agreement is entered into on the ____1st____ day of ____April____, 20__13__, by and between ____Napleton Auto Werks, 0561____ (Employer), and the Central States Joint Board Health & Welfare Fund, (Fund).

WHEREAS the Employer is a party to a collective bargaining agreement with a Local Union affiliated with the Central States Joint Board requiring the Employer to contribute to the Fund on behalf of its bargaining unit employees.

WHEREAS the Trustees of the fund have the discretion to provide health and welfare benefits for non-bargaining unit employees of an employer who is a party to a Participation Agreement satisfactory to the Trustees; and

WHEREAS the Employer wishes to enter into a Participation Agreement by which the Fund would provide benefits to its Non-Bargaining Unit Employees, including supervisors and managers and officers.

THEREFORE, the Employer and the Fund agree as follows:

1. The Employer is a corporation organized under the laws of the state of ____Illinois____ and has its principal place of business at ____10400 W. Higgins, Ste. 205, Rosemont, IL 60018____

2. For purposes of this Participation Agreement, Non-Bargaining Unit Employee shall mean all employees of the Employer who are employed in classifications or positions excluded from coverage by any collective bargaining agreement between the Employer and any Local Union affiliated with the Central States Joint Board; including, but not limited to, supervisors, managers, guards, confidential employees, temporary employees and officers of the Employer. Notwithstanding any other provision of this Agreement, a Non-Bargaining Unit Employee shall not include a sole proprietor, partner, or other owner of the Employer, however a stockholder of the Employer shall not be considered an owner of the Employer for purposes of this Agreement.

3. The Fund is an irrevocable trust heretofore created by an Agreement and Declaration of Trust (Trust Agreement), pursuant to Collective Bargaining Agreements between certain Employers and the Local Unions affiliated with the Central States Joint Board.

4. The trust is lawful and is qualified under all applicable provisions of the Internal Revenue Code, so that all contributions by the Employer to contribute to the Fund shall cease any time the Fund loses its qualification under the Internal Revenue Code.

5. The Fund is administered jointly by an equal number of Employer Trustees and Employee Trustees. The Employer Trustees are appointed by the employers who contribute to the Fund, and the Employee Trustees are appointed by the Central States Joint Board.

6. The Employer agrees to participate in, be bound by, and become a party to the Trust Agreement together with any restatements or amendments thereto which have been or may be adopted, as if it had been a party to and singed the Trust Agreement. The Employer ratifies and confirms the appointment of each of the Employer Trustees, as well as their successor trustees designated in the manner provided in

Participation 2/1/13

the Trust Agreement. The Employer agrees that the Employer Trustees, along with an equal number of Employee Trustees, have the authority and responsibility to carry out the terms and conditions of the Trust Agreement.

7. The Employer agrees that for each Non-Bargaining Unit Employee with thirty (30) days or more of service and in the active employ of the Employer (except as modified in paragraph 8(b) of this Agreement), it shall make the monthly contributions to the Fund in the same amount as required under its collective bargaining agreement for each bargaining unit employees.

8. The Employer's payments to the Fund shall be as follows:

a. The amount per Non-Bargaining Unit Employee per month shall be paid by the 1st of the month for each Non-Bargaining Unit Employee who has received at least eight (8) hours of compensation for that month, including the month in which a Non-Bargaining Unit Employee terminates active employment.

b. If a covered Non-Bargaining Unit Employee is absent because of illness or injury, the employer shall pay the required payment for a maximum of six (6) additional months following the month in which the illness or injury occurred.

c. If a covered Non-Bargaining Unit Employee is absent due to a leave of absence under the Family and Medical Leave Act, the Employer shall pay all the required payments, including any Non-Bargaining Unit Employee contributions, for the duration of the leave. Once the Non-Bargaining Unit Employee returns from the leave, the Employer can deduct from the Non-Bargaining Unit Employee's paycheck, on a month-to-month basis, the amount of the Employee's contribution that it has paid.

9. The Fund shall use these payments for purposes permitted under the Trust Agreement and to provide health, welfare, death and such other benefits as permitted by the Trust Agreement, as amended, from time to time, and by Section 302(c) of the Labor Management and Relations Act of 1947 and the Employee Retirement Income Security act of 1974.

10. The Employer agrees that the Trustees of the Fund have the sole and exclusive discretion (a) to construe the provisions of the Trust Agreement and the Health & Welfare Plan as those documents have been and may be amended and restated, and the Fund's rules and regulations and all terms used therein, and (b) to determine all disputes with respect to eligibility, the right to participate in benefits of the Fund, time, method of payment, payment during periods of Non-Bargaining Unit Employee illness or disability, methods of enforcement of payment and related matters, and any construction adopted and any determination made by the Trustees shall be final and binding upon the Employer, Employees, participants, legal representatives, dependents, relatives and all persons and parties.

11. Whenever the Trustees of the Fund determine that the employer is delinquent in making payments to the Fund, as required under this Agreement or the rules and regulations of the Fund then the Employer shall be responsible for any losses of any benefits which would otherwise be due to any Non-Bargaining Unit Employee and agrees to pay the Fund the full amount of the delinquency determined to be due along with any attorney's fees and costs incurred in the collection of any delinquencies or the enforcement of this Agreement, in addition to liquidated damages and/or penalties due the Fund.

12. No payment of credits, due to contributions made by the Employer for an ineligible employee, shall be allowed if claim for such credit is not made on or prior to the last day of the month for which the report containing the error was due and payable.

13. No contributions shall be accepted on behalf of an Employer's Non- Bargaining Unit Employees unless and until all contributions have been received for employees covered by the collective bargaining agreement between the Employer and the Local Union affiliated with the Central States Join Board. Any contributions purportedly made for Non-Bargaining Unit Employees may be used in the sole and exclusive discretion of the Fund's Trustees, to cover any outstanding delinquencies owed for employees covered by the collective bargaining agreement between the Employer and Local Union affiliated with the Central States Joint Board.

14. The Fund shall have the right to examine the records of the Employer to determine that there has been compliance with the Employer's obligation as set forth by this Agreement. The Fund shall give twenty-one (21) days' notice of such examination. The examination shall be conducted by an Auditor who will be retained by the Funds. If the Trustees determine that the Auditor's examination discloses that the Employer is delinquent in its obligations under this Agreement, all of the auditing costs incurred shall be borne by the Employer.

15. This Agreement shall be effective beginning on __4/1/2013_____ and continuing so long as the Employer is a party to a collective bargaining agreement with Local Union affiliated with the Central States Joint Board requiring the Employer to contribute to the Fund on behalf of its bargaining unit employees. The Fund, however, may terminate this agreement at any time in its sole and exclusive discretion.

16. IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

CENTRAL STATE JOINT BOARD
HEALTH & WELFARE FUND

_____
(SIGNATURE)

Anthony Ion
(PRINT NAME)

Napleton Auto Werks, 0561

_____
(SIGNATURE)

Mike Jopes
(PRINT NAME)

## PARTICIPATION AGREEMENT

This Agreement is entered into on the ___1___ day of _____, 2014, by and between ___Napleton Auto Werks___ (Employer), and the Central States Joint Board Health & Welfare Fund, (Fund).

WHEREAS the Employer is a party to a collective bargaining agreement with a Local Union affiliated with the Central States Joint Board requiring the Employer to contribute to the Fund on behalf of its bargaining unit employees.

WHEREAS the Trustees of the fund have the discretion to provide health and welfare benefits for non-bargaining unit employees of an employer who is a party to a Participation Agreement satisfactory to the Trustees; and

WHEREAS the Employer wishes to enter into a Participation Agreement by which the Fund would provide benefits to its Non-Bargaining Unit Employees, including supervisors and managers and officers.

THEREFORE, the Employer and the Fund agree as follows:

1. The Employer is a corporation organized under the laws of the state of ___IL___ and has its principal place of business at ___10400 W. Higgins Ave, Ste. 205 Rosemont, IL 60018___

2. For purposes of this Participation Agreement, Non-Bargaining Unit Employee shall mean all employees of the Employer who are employed in classifications or positions excluded from coverage by any collective bargaining agreement between the Employer and any Local Union affiliated with the Central States Joint Board; including, but not limited to, supervisors, managers, guards, confidential employees, temporary employees and officers of the Employer. Notwithstanding any other provision of this Agreement, a Non-Bargaining Unit Employee shall not include a sole proprietor, partner, or other owner of the Employer, however a stockholder of the Employer shall not be considered an owner of the Employer for purposes of this Agreement.

3. The Fund is an irrevocable trust heretofore created by an Agreement and Declaration of Trust (Trust Agreement), pursuant to Collective Bargaining Agreements between certain Employers and the Local Unions affiliated with the Central States Joint Board.

4. The trust is lawful and is qualified under all applicable provisions of the Internal Revenue Code, so that all contributions by the Employer to contribute to the Fund shall cease any time the Fund loses its qualification under the Internal Revenue Code.

5. The Fund is administered jointly by an equal number of Employer Trustees and Employee Trustees. The Employer Trustees are appointed by the employers who contribute to the Fund, and the Employee Trustees are appointed by the Central States Joint Board.

6. The Employer agrees to participate in, be bound by, and become a party to the Trust Agreement together with any restatements or amendments thereto which have been or may be adopted, as if it had been a party to and signed the Trust Agreement. The Employer ratifies and confirms the appointment of each of the Employer Trustees, as well as their successor trustees designated in the manner provided in

Participation                                                                                                            2/1/13

the Trust Agreement. The Employer agrees that the Employer Trustees, along with an equal number of Employee Trustees, have the authority and responsibility to carry out the terms and conditions of the Trust Agreement.

7. The Employer agrees that for each Non-Bargaining Unit Employee with thirty (30) days or more of service and in the active employ of the Employer (except as modified in paragraph 8(b) of this Agreement), it shall make the monthly contributions to the Fund in the same amount as required under its collective bargaining agreement for each bargaining unit employees.

8. The Employer's payments to the Fund shall be as follows:

a. The amount per Non-Bargaining Unit Employee per month shall be paid by the 1st of the month for each Non-Bargaining Unit Employee who has received at least eight (8) hours of compensation for that month, including the month in which a Non-Bargaining Unit Employee terminates active employment.

b. If a covered Non-Bargaining Unit Employee is absent because of illness or injury, the employer shall pay the required payment for a maximum of six (6) additional months following the month in which the illness or injury occurred.

c. If a covered Non-Bargaining Unit Employee is absent due to a leave of absence under the Family and Medical Leave Act, the Employer shall pay all the required payments, including any Non-Bargaining Unit Employee contributions, for the duration of the leave. Once the Non-Bargaining Unit Employee returns from the leave, the Employer can deduct from the Non-Bargaining Unit Employee's paycheck, on a month-to-month basis, the amount of the Employee's contribution that it has paid.

9. The Fund shall use these payments for purposes permitted under the Trust Agreement and to provide health, welfare, death and such other benefits as permitted by the Trust Agreement, as amended, from time to time, and by Section 302(c) of the Labor Management and Relations Act of 1947 and the Employee Retirement Income Security act of 1974.

10. The Employer agrees that the Trustees of the Fund have the sole and exclusive discretion (a) to construe the provisions of the Trust Agreement and the Health & Welfare Plan as those documents have been and may be amended and restated, and the Fund's rules and regulations and all terms used therein, and (b) to determine all disputes with respect to eligibility, the right to participate in benefits of the Fund, time, method of payment, payment during periods of Non-Bargaining Unit Employee illness or disability, methods of enforcement of payment and related matters, and any construction adopted and any determination made by the Trustees shall be final and binding upon the Employer, Employees, participants, legal representatives, dependents, relatives and all persons and parties.

11. Whenever the Trustees of the Fund determine that the employer is delinquent in making payments to the Fund, as required under this Agreement or the rules and regulations of the Fund then the Employer shall be responsible for any losses of any benefits which would otherwise be due to any Non-Bargaining Unit Employee and agrees to pay the Fund the full amount of the delinquency determined to be due along with any attorney's fees and costs incurred in the collection of any delinquencies or the enforcement of this Agreement, in addition to liquidated damages and/or penalties due the Fund.

12. No payment of credits, due to contributions made by the Employer for an ineligible employee, shall be allowed if claim for such credit is not made on or prior to the last day of the month for which the report containing the error was due and payable.

Participation 2/1/13

13. No contributions shall be accepted on behalf of an Employer's Non-Bargaining Unit Employees unless and until all contributions have been received for employees covered by the collective bargaining agreement between the Employer and the Local Union affiliated with the Central States Join Board. Any contributions purportedly made for Non-Bargaining Unit Employees may be used in the sole and exclusive discretion of the Fund's Trustees, to cover any outstanding delinquencies owed for employees covered by the collective bargaining agreement between the Employer and Local Union affiliated with the Central States Joint Board.

14. The Fund shall have the right to examine the records of the Employer to determine that there has been compliance with the Employer's obligation as set forth by this Agreement. The Fund shall give twenty-one (21) days' notice of such examination. The examination shall be conducted by an Auditor who will be retained by the Funds. If the Trustees determine that the Auditor's examination discloses that the Employer is delinquent in its obligations under this Agreement, all of the auditing costs incurred shall be borne by the Employer.

15. This Agreement shall be effective beginning on _____ 1 2014 _____ and continuing so long as the Employer is a party to a collective bargaining agreement with Local Union affiliated with the Central States Joint Board requiring the Employer to contribute to the Fund on behalf of its bargaining unit employees. The Fund, however, may terminate this agreement at any time in its sole and exclusive discretion.

16. IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

CENTRAL STATE JOINT BOARD
HEALTH & WELFARE FUND

_____
(SIGNATURE)

ANTHONY IORI
(PRINT NAME)

Napleton Auto Werks

_____
(SIGNATURE)

Mike Jopes
(PRINT NAME)

Participation 2/1/13